CLEVELAND v. KOCH.

1. CHATTEL MORTGAGE—INCREASE OF STOCK.
   A description of the property covered by a chattel mort-
   gage as "all of the * * * cattle, calves, * * * now
   on hand, or that may grow or be raised on our farm during
   the season," is sufficiently broad to include calves which, at
   the time of the execution of the mortgage, were carried by
   cows owned by the mortgagors.

2. SAME—AGISTER'S LIEN—AUTHORITY OF MORTGAGOR.
   The fact that a mortgagee of stock, for his own protec-
   tion, furnished feed for the stock while in the possession of
   the mortgagor, does not justify an inference that the latter
   was authorized to pledge the stock for its keeping.

Error to Washtenaw; Kinne, J. Submitted January
14, 1896. Decided March 3, 1896.

Replevin by Frederick W. Cleveland against John G.
Koch. From a judgment for plaintiff on verdict directed
by the court, defendant brings error. Affirmed.

*Frank E. Jones*, for appellant.

*Darwin C. Griffen*, for appellee.

MONTGOMERY, J. This is an action of replevin,
brought for the recovery of six red Durham cows, four
red bull calves, one red heifer calf, and one spotted steer
calf. The plaintiff claimed title under a chattel mort-
gage duly recorded, and defendant set up a lien for
pasturage. It appeared that the cattle were left with
the defendant by the mortgagor. The court, at the con-
clusion of the testimony, directed a verdict for the plain-
tiff, and defendant brings error.

Two questions are presented, viz.: Whether the de-
scription of the mortgage was broad enough to cover the
natural increase in the stock, and whether there was

testimony from which the jury might have been justified in finding that the plaintiff assented to the mortgagor's placing the cattle with the defendant for pasturage.

1. The description in the mortgage, so far as material to be stated, was as follows:

"The following goods, chattels, and personal property, to wit: All hay, grain of all kinds, straw, cornstalks, horses, colts, cattle, calves, sheep, * * * and crops of all kinds, now on hand, or that may grow or be raised on our farm during the seasons of 1894 and 1895; intending hereby to mortgage all personal property of every kind and description (except household goods and furniture) now owned by us, or that we may acquire or raise, in any manner, during the time in which the above debt remains unpaid."

At the time the mortgage in question was executed, the calves in question were carried by cows covered by the mortgage, and we think the description is broad enough to cover such increase, even though one of the calves was dropped after the cows were placed with defendant for pasturage.

2. It appears that in the spring of 1894 one Lyster, an agent of the plaintiff, had thought to foreclose the mortgage, but, finding the stock in poor condition, left it in the mortgagor's possession, and bought and furnished the mortgagor feed to be fed to the stock. It is contended that from that time the mortgagor was a mere bailee of the plaintiff, or that the jury would have been justified in so finding, and that the jury might have been justified in finding that the mortgagor was the agent of the mortgagee to place the cattle with the defendant for keeping. The affirmative testimony was (and it was uncontradicted) that the mortgagor, Inman, agreed that, if the plaintiff would furnish the feed in question, he (Inman) would care for the stock thereafter; but, in the absence of such testimony, the jury would not have been justified in inferring that the mortgagor had been authorized by the mortgagee to pledge stock for its keeping

simply because the mortgagee had, for his own protection, furnished feed for it.

There was no room for a different verdict than that directed by the circuit judge.   Judgment affirmed.

The other Justices concurred.